Date signed May 08, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                          :
                                                :
SHERRY N. REDFORD-BUTLER    :    Case No. 05-15226PM
                                                :    Chapter 13
            Debtor                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

      This case is before the court on the Objection of Dr. Wadeson Psychiatric Center, P.C. ("Wadeson"), to Debtor's exemption of certain property. Wadeson is the primary creditor in this case. The claim held by Wadeson is best described by the statement of the prosecutor in the case of *State of Maryland v. Sherry N. Redford*, Criminal No. 05-1513X in the Circuit Court for Prince George's County, Maryland. In the course of the hearing on Debtor's *Alford* plea, the State's Attorney proffered that the state would establish beyond a reasonable doubt that in the period of April, 2002, through April, 2004, while acting as the office manager of Wadeson, that the Debtor stole more than $200,000.00 and used credit cards for her own benefit without her employer's authorization. All of these events took place before the filing of this bankruptcy case under Chapter 13 on March 9, 2005, and later converted to a case under Chapter 7 on December 22, 2005.

      Wadeson filed a civil action against Debtor, *Dr. Wadeson Psychiatric Center, P.C., v. Sherry N. Redford*, Case No. 08-CC-04-001110 in the Circuit Court for Charles County, Maryland. That court, on Wadeson's application, issued writs of attachment before judgment. Levies were made. In addition, substantial personal property of the Debtor was seized by the Prince George's County Police, as more fully set forth in the Return to the Search Warrant filed

in the Prince George's Circuit Court's Exhibit 5.  Included among the property levied upon and claimed as exempt is a diamond ring that Debtor valued at $500.00 on Schedules B and C.  This is the same ring that Debtor stated under oath at a state court hearing held December 16, 2004, was worth $11,000.00.

Debtor's exemption is based upon Md. Code Cts. & Jud. Proc. Ann. 11-504(b)(5) and 11-504(f).  For the reasons set forth in the case of *In re Gordon*, 199 B.R. 7, (BC Md. 1996), the court will sustain the objection to the claim of exemption of the property that had been levied upon.  At the time of the filing of this bankruptcy case, the Debtor did not have a valid state court exemption available for that property.  The Debtor failed to make a claim of exemption within the 30-day period after the levies and, therefore, lost the right to claim the seized property as exempt in this bankruptcy case.  This renders the issues moot that are concerned with tracing the stolen cash proceeds to establish constructive trusts.  As to other property that was seized that Debtor asserts is exempt as being held as a tenant by the entirety, *In re Sefren*, 41 B.R. 747 (BC Md. 1984), the claim of exemption fails.  At no time could it be said, by virtue of the seizure, that the Debtor and her new husband had the unities of time, title, interest and possession, the requirements of a valid tenancy by the entireties.  The common law doctrine requiring four unities to establish this tenancy remains the law of the State of Maryland.  *Lang v. Wilmer*, 101 Atl. 706, 709 (Md. 1917).

An appropriate order will be entered.

cc:
Patrick J. Kearney, Esq., 4416 East West Highway, Bethesda, MD 20814
James Greenan, Esq., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770
Michael G. Wolff, Esq., Trustee, 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
Sherry N. Redford-Butler, 7810 Wenlin Place, Charlotte Hall, MD 20622

**End of Order**